CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
8/10/2020
JULIA C. DUDLEY, CLERK
BY: s/ A. Little
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| ANDRE G.H. LE DOUX V | ) |
| Plaintiff | ) ) ) |
| v. | ) Civil Action No.: 6:20CV00052 |
| WESTERN EXPRESS, INC., | ) ) ) |
| ERVIN JOSEPH WORTHY, and | ) ) |
| ROGER DALE HIATT | ) ) ) |
| Defendants. | ) |

## COMPLAINT

The Plaintiff, Andre G. H. Le Doux V by his attorneys, Paul R. Thomson III and P. Brent Brown, move the Court for judgment against the defendants Western Express, Inc., Ervin Joseph Worthy, and Roger Dale Hiatt jointly and severally, and in support thereof, allege as follows:

1. This is a civil action for damages, including punitive damages as to Defendant Worthy, pursuant to the law of the Commonwealth of Virginia.

2. This action arises out of a crash in which the vehicle which plaintiff was operating was struck in the rear by a heavy commercial tractor trailer combination rig operated in interstate commerce by a professional truck driver, defendant Ervin Joseph Worthy, while driving for Defendant Western Express, Inc. and by defendant Roger Dale Hiatt who was driving a minivan.

## PARTIES

3. Plaintiff Andre G. H. Le Doux V is a citizen of the State of New Jersey.

4. Defendant Roger Dale Hiatt is a citizen of the State of North Carolina.

5. Defendant Ervin Joseph Worthy is a citizen of the State of Georgia.

1

6. Western Express, Inc., under whose dispatch and direction Defendant Worthy was operating the subject tractor-trailer at the time of the subject crash, is incorporated under the laws of the State of Tennessee and maintains its principal office at 7135 Centennial Plaza Nashville, Tennessee.

7. Western Express, Inc. is a "motor carrier" as defined by 49 CFR 390.5. The U.S. DOT registration number for Western Express, Inc. is 511412. Pursuant to 49 CFR 392.1 Defendant Western Express, Inc. and Defendant Worthy, were, at all times relevant to this complaint, required to comply with applicable safety regulations contained in 49 CFR Part 390, including safety regulations pertaining to management, maintenance, operation, or driving of commercial vehicles, and the hiring, supervision, training, assigning, or dispatching of drivers.

8. Western Express, Inc. was the employer and/or principal and/or dispatcher and/or supervisor of Defendant Worthy. At all times relevant to the matters alleged herein defendant Western Express, Inc. exerted control over Defendant Worthy's work on its behalf, including on the day of the subject crash. Defendant Worthy was acting in the course and scope of his employment and/or agency of Western Express, Inc. at the time of the subject crash that inflicted catastrophic injuries on the plaintiff.

**JURISDICTION AND VENUE**

9. This Court has original diversity jurisdiction over this action under 28 U.S.C. § 1332, in that the amount of controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, and; Plaintiff is a citizen of New Jersey, Defendant Hiatt is a citizen of North Carolina, Defendant Worthy is a citizen of Georgia and Defendant Western Express, Inc. is incorporated and has its principal place of business in the State of Tennessee. Accordingly, the controversy is between citizens of different States.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the crash occurred in the County of Rockbridge, Virginia.

## FACTUAL ALLEGATIONS

11. On August 11, 2018, at approximately 5:07 p.m., the Plaintiff was operating a motor vehicle southbound in the left lane of Interstate 81, near mile marker 184.8 in the County of Rockbridge, Virginia. Plaintiff was stopping or stopped as the vehicle in front of him was stopping or stopped due to the conditions then and there present, which included hazardous rain and mist.

12. At the approximate time and approximate place aforesaid, Defendant Hiatt, was operating a 2012 Honda Odyssey behind the plaintiff southbound in the left lane of Interstate 81.

13. Defendant Hiatt did then and there so negligently, carelessly and recklessly fail to sufficiently slow or stop his vehicle and instead struck the back of the vehicle operated by the plaintiff, forcing it forward into the vehicle stopping or stopped in front of him, operated by Judy Paul. Defendant Hiatt's vehicle then spun off or otherwise left the road surface.

14. Defendant Hiatt was negligent in that he failed to maintain proper control of his vehicle, failed to keep a proper lookout, drove too fast for the existing conditions, followed traffic ahead too closely, and failed to exercise reasonable care under the circumstances then and there existing, and this negligence was a proximate cause of injury to the plaintiff.

15. Thereafter, a 2018 International tractor, with attached trailer and dispatched by Defendant Western Express, Inc. was being operated by its employee/and or agent defendant Ervin Joseph Worthy in a southerly direction in the right lane of Interstate 81. There was rain and mist making the road wet and slippery and reducing visibility, constituting "hazardous conditions" which, pursuant to the Federal Motor Carrier Safety Regulation Section 392.14 required, "extreme caution".

16. At the time and place aforesaid, the Defendant Worthy owed a duty to exercise reasonable care under the circumstances in accord with standards applicable to a commercial driver of tractor-trailers for a commercial motor vehicle carrier.

17. Notwithstanding his duty and the circumstances then and there present, including hazardous conditions requiring extreme caution, defendant Ervin Joseph Worthy did then and there so negligently, carelessly, recklessly, willfully and/or wantonly operate the heavy commercial tractor-trailer rig so as to cause it to smash into the vehicle that plaintiff was occupying (as well as at least one other vehicle) causing Plaintiff grievous catastrophic injury, including brain injury with internal brain bleeding and swelling of the brain evidenced by significant midline shift within his brain.

18. Defendant Worthy's negligence included his failure to maintain proper control of his vehicle, his failure to keep a proper lookout, driving too fast for existing conditions, using cruise control on his heavy commercial vehicle in hazardous conditions, following traffic ahead too closely, and his other failures to exercise reasonable care under the circumstances then and there existing.

19. At all times relevant to the matters alleged herein, Defendant Worthy, was an agent and/or employee of Defendant Western Express, Inc. and was acting within the scope of his agency and/or employment. Accordingly, all acts and/or omissions of Defendant Worthy complained of herein are acts and/or omissions of Defendant Western Express, Inc.

20. Defendant Western Express, Inc., in violation of Section 390.11, dispatched Defendant Worthy as its agent and/or employee in a safety sensitive position, to operate a commercial motor vehicle for their benefit on the roadways without meeting their duty to require observance of the knowledge and skills necessary to operate a commercial motor vehicle safely,

on the day of the subject crash. This allegation is a factual contention which will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

21. As a direct and proximate result of the negligence of Defendants Worthy and Hiatt, and the vicarious and primary negligence of Defendant Western Express, Inc., Plaintiff suffered severe and permanent catastrophic injuries.

## COMPENSATORY DAMAGES

22. As a direct and proximate result of the joint and several negligence of the Defendants, Plaintiff Le Doux was caused to sustain serious, disabling and permanent injuries; to suffer physical pain, discomfort, and mental anguish, and these will continue in the future; he has suffered disfigurement and/or deformity, humiliation and/or embarrassment, inconvenience and this will continue into the future; he has incurred substantial expenses for doctors and related medical and occupational care, and in the future he will continue to incur such expenses in an effort to address these injuries; he was caused to miss time and lose earnings from his work, employment and chosen occupation; and in the future he will continue to lose time, income and earning capacity as well as other benefits from his work, employment and chosen occupation; and he has been caused to be unable or is reduced in his ability to perform significant activities of daily living and enjoyment, or to fully enjoy the normal activities of life, and will continue to be unable or restricted in the performance of such activities in the future.

## PUNITIVE DAMAGES

23. Defendant Worthy's actions constituted willful and/or wanton negligence and evinced a conscious disregard for the safety of the traveling public. In support thereof, Plaintiff alleges as follows:

(a) Defendant Worthy was a professional truck driver who received specialized training concerning the safety requirements contained in Part 390 of the Code of Federal Regulations and in the safe operation of heavy commercial motor vehicles on public highways, including the highways of Virginia.

(b)  Defendant Worthy's specialized safety training included the requirements of Federal Motor Carrier Safety Regulation Section 392.14 "hazardous conditions; extreme caution;" which provides in pertinent part:

> "Extreme caution in the operation of a commercial motor vehicle shall be exercised when hazardous conditions, such as those caused by snow, ice, sleet, fog, mist, rain, dust, or smoke, adversely affect visibility or traction. Speed shall be reduced when such conditions exist. If conditions become sufficiently dangerous, the operation of the commercial motor vehicle shall be discontinued and shall not be resumed until the commercial motor vehicle can be safely operated…"

(c) Notwithstanding the specialized safety training Defendant Worthy received, including the requirements of Federal Motor Carrier Safety Regulation Section 392.14 "hazardous conditions; extreme caution;"  that required him to reduce his speed and exercise extreme caution in the hazardous conditions, he consciously chose to operate the heavy tractor-trailer in hazardous conditions without reducing his speed appropriately for the hazardous conditions, and without exercising the required extreme caution. The hazardous conditions of rain and mist were adversely affecting visibility and traction to the extent that other tractor-trailers and vehicles were stopping and/or pulling over to the side of the road in an appropriate response to the hazardous conditions

on the roadway. Then, when he was alerted that impact with other vehicles was imminent, he deliberately continued to overtake a vehicle. The vehicle that he was overtaking was in the adjacent passing lane and was braking and slowing in response to the slowing and stopped traffic (with brake lights visible to defendant Worthy). Defendant Worthy then ran that vehicle off the road as he weaved around and passed stopped traffic in his lane. This conduct evinced an utter disregard for the safety and life of those on the roadway, and he continued in this manner until he crashed into stopped vehicles in front of him, including Plaintiff's vehicle.

(d) Defendant Worthy's conduct was in violation of the safety regulation under Section 392.14, which regulation related directly to the specific circumstances with which he was confronted at the time leading up to the crash; such conduct was a proximate cause of the crash that inflicted catastrophic injuries upon the Plaintiff.

(e) Defendant Worthy, as a professional truck driver, knew that it was highly dangerous and improper to operate a tractor-trailer combination using the cruise control in hazardous conditions including wet road surfaces, rain and mist as were then and there present. In fact, the manufacturer for the equipment that the defendant was operating at the time of the collision warned that the cruise control "must never be used on . . . wet surfaces" and that the improper use of the system "can result in a collision causing property damage, serious injury or death." Notwithstanding, Defendant Worthy consciously chose to abrogate his speed control of the heavy tractor-trailer rig to the cruise control in hazardous conditions that included wet surfaces, rain and mist and requiring extreme caution, thereby ensuring he would maintain his speed without regard to such conditions in violation of Federal Motor Carrier Safety Regulation Section 392.14. Defendant Worthy's conduct was in violation of the safety regulation, which regulation related directly to the specific circumstances with which he was confronted at the time leading up to the

crash; such conduct was a proximate cause of the crash that inflicted catastrophic injuries upon the Plaintiff.

(f) 49 CFR 383.110 requires that "all drivers of commercial motor vehicles must have the knowledge and skills necessary to operate a CMV safely as contained within Subpart G" of Section 383 – Required Knowledge and Skill, and provides in pertinent part as to this action as follows:

§383.111   Required knowledge.

(a) All CMV operators must have knowledge of…:

(2) *Safe vehicle control systems.* The purpose and function of the controls and instruments commonly found on CMVs.

(3) *CMV safety control systems.*

(i) Proper use of the motor vehicle's safety system…

383.113   Required Skills.

(c) *Safe on-road driving skills.* All applicants for a CDL must possess and demonstrate the following safe on-road driving skills for their vehicle class:

(3) Ability to adjust speed to the configuration and condition of the roadway, weather and visibility conditions, traffic conditions, and motor vehicle, cargo and driver conditions;

(6) Ability to maintain a safe following distance depending on the condition of the road, visibility, and vehicle weight;

    (7) Ability to adjust operation of the motor vehicle to prevailing weather conditions including speed selection, braking, direction changes, and following distance to maintain control;

 (g) Despite the specialized training in the knowledge and skills required by the Federal Motor Carrier Safety Regulations for the operation of his commercial motor vehicle, and the particular considerations unique to its operation of which they contemplate, defendant Worthy consciously:

  (i) Did not conduct proper use of the motor vehicle's safety system in his use of the cruise control, as set forth in paragraph (e) above.

  (ii) Did not adjust his speed to the configuration and condition of the roadway, weather and visibility conditions, traffic conditions, and motor vehicle, cargo and driver conditions;

  (iii) Did not maintain a safe following distance depending on the condition of the road, visibility, and vehicle weight;

  (iv) Did not adjust operation of the motor vehicle to prevailing weather conditions including speed selection, braking, direction changes, and following distance to maintain control;

 (h) Defendant Worthy's conduct was in violation of the safety regulation under Section 383.111 and 382.113 which provided for the required specialized knowledge and skill related

directly to the specific circumstances with which he was confronted on the evening of the crash and was a proximate cause of the crash that inflicted catastrophic injuries upon the Plaintiff.

## PRAYER FOR RELIEF

24.  WHEREFORE, Plaintiff Andre G. H. Le Doux V moves the Court for judgment against Western Express, Inc., Ervin Joseph Worthy and Roger Dale Hiatt, jointly and severally, in the sum of Ten Million Dollars in compensatory damages with interest from August 11, 2018, and his costs in this behalf expended and against Ervin Joseph Worthy the additional sum of Three Hundred and Fifty Thousand Dollars in punitive damages.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

ANDRE G.H. LE DOUX V

Dated: 08/10/2020    By:    /s/ Paul R. Thomson, III
Paul R. Thomson, III
Attorney for Plaintiff
The Thomson Law Firm, PC
2721 Brambleton Avenue, S.W.
Roanoke, VA 24015
(540) 777-4900 Telephone
(540) 772-0578 Facsimile
Paul@roanokeinjurylawyer.com

Dated: 08/10/2020    By:    /s/ P. Brent Brown
P. Brent Brown
Attorney for Plaintiff
Grandin Trial Works
1919 Westover Avenue, SW.
Roanoke, VA 24015
(540) 353-5782 Telephone
brent@grandintrialworks.com